### SEILER, et ux v. FALKNER.

Circuit Court, Palm Beach County.

September 12 and October 10, 1955.

Neil E. MacMillan and Harry T. Newett, both of Delray Beach, for plaintiffs.

Hal S. Ives and Russell H. McIntosh, both of West Palm Beach, for defendant.

JAMES H. WALDEN, Circuit Judge.

*September 12, 1955:* This cause was duly presented by counsel after notice, and upon consideration thereof, it is ordered and adjudged that plaintiffs' motion for temporary injunction be and the same is hereby granted on the following terms and conditions—

That the defendant shall not hold dances in the building described in the complaint after 10 P.M. on any night; that while dances are in progress, the defendant will have the shutters closed on the south side of said building; all of the above subject to the further orders of the court.

JOSEPH S. WHITE, Circuit Judge.

*October 10, 1955:* This cause came on for entry of final decree upon the pleadings, testimony taken orally before the court on October 3, 1955, and argument of counsel.

Plaintiffs and defendant own adjoining lots fronting on U. S. highway no. 1 in Delray Beach. Each lot is 100 feet wide and approximately 500 feet deep. Plaintiffs have their dwelling house, as well as a motel, on their lot, while defendant has a drive-in

known as "The Mug," and a dance hall whereat barn dances, with a dance band and dance caller, are held. In addition, defendant employs in the operation of "The Mug" a coin operated phonograph called a "juke box." Noises from the dancers and those employed in conducting the dances in the dance hall, and loud music from the "juke box" are making life unbearable for the plaintiffs and destroying their motel business by driving away their customers. Quite obviously on such a small lot it is next to impossible for defendant to carry on the activities described and at the same time confine the noises to his own premises.

It is a well settled principle of law that the owner of property has the right to use it as he chooses, so long as he does not interfere with the use and enjoyment of his neighbor's property. There can be little question that defendant has exceeded his rights in the use of his own property. He has not confined the noises from the music to his own premises. If he is to continue the same course of conduct, plaintiffs' property will become entirely useless to them. Conduct of the character described here is a nuisance under the law and in such a case it becomes necessary for the court to abate it.

It is ordered and decreed that defendant is enjoined and restrained from operating or causing to be operated on said premises any dance hall, dance band, square dance or square dance caller, between the hours of 10 P.M. and 8 A.M., and from operating, playing or causing to be operated or played on said premises between the hours of 10 P.M. and 8 A.M., for business or commercial purposes, any radio, phonograph, talking machine, electric piano, music box or other machine, instrument or appliance for making music or noise, equipped with an amplifier or loud speaker, in such manner that the music or noise produced by the same may be heard beyond the boundaries of defendant's said lot no. 38, all subject to the further order of this court. Court costs are assessed against the defendant.